UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DELIA M. TORRES-RAMOS, | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: ___10/6/2021___ |
| Plaintiff, | |
| v. | 21 Civ. 7899 (AT) |
| PROCOLLECT INC., | **ORDER** |
| Defendant. | |

ANALISA TORRES, District Judge:

Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and New York General Business Law § 349. Compl., ECF No. 1. Plaintiff argues that "Defendant is subject to . . . venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York." Compl. ¶ 13. However, Plaintiff does not allege that the conduct making up the basis of this complaint took place within the Southern District of New York. *See generally* Compl. Moreover, Defendant's principal place of business is in Dallas, Texas. *Id.* ¶ 8. As provided in the statute, an action may only be brought in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" when there is "*no district* in which an action may otherwise be brought." 28 U.S.C. § 1391(b)(3) (emphasis added).

On September 30, 2021, the Court ordered Plaintiff to show cause why venue is proper in this district, and stated that if no such showing was made, the Court would transfer this case under 28 U.S.C. § 1406 to the United States District Court for the Northern District of Texas, where Defendant is a resident. *See* 28 U.S.C. § 124(a). ECF No. 5. On October 5, 2021, Plaintiff consented to this matter being transferred to the Northern District of Texas. ECF No. 6.

Accordingly, the Clerk of Court is directed to transfer this matter to the United States District Court for the Northern District of Texas, pursuant to 28 U.S.C. § 1406(a).

SO ORDERED.

Dated: October 6, 2021
New York, New York

ANALISA TORRES
United States District Judge